UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DONNIE KAY BUTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:17-cv-02112-JHE |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION[1]**

Plaintiff Donnie Kay Butts ("Butts") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Butts timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **REVERSED**.

**I. Factual and Procedural History**

Butts applied for DIB under Title II of the Social Security Act, alleging he became disabled on October 6, 2014. (Tr. 183). After denial at the initial level of review (tr. 79-84), Butts requested a hearing by an administrative law judge ("ALJ") (tr. 89-90). After the hearing, the ALJ issued a

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 14).

1

decision dated November 1, 2016, finding Butts not disabled. (Tr. 17-29, 40-62). The Appeals Council denied Butts request for review. (Tr. 1-3).

Butts was sixty-years-old at the time of the ALJ's decision, and his past work experience includes being a plant manager for a manufactured housing company and a food services supervisor for a fast food franchisee. (Tr. at 28, 43). Butts claims that he became disabled on October 6, 2014, because he became unable to work due to knee pain after a knee replacement surgery, left shoulder pain after a shoulder surgery, diabetes, and lower back pain. (Tr. at 43, 213).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. "Substantial evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However,

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

2

the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

3

economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Butts meets the insured status requirements of the Social Security Act through December 31, 2019. (Tr. at 22). The ALJ also found that Butts has not engaged in substantial gainful activity since October 6, 2014, the amended alleged onset date. (*Id.*) At Step Two, the ALJ found Butts has the following severe impairments: osteoarthritis, history of right knee replacement, history of left shoulder lesion, chronic Hill-Sachs deformity, degenerative disc disease, and obesity. (Tr. at 22-23). He further determined that Butts had non-severe impairments of hypertension, left eye myopia, and recent onset diabetes. (Tr. at 23). At Step Three, the ALJ found that Butts does not have an impairment or a combination of impairments that either meets or medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 23-24).

Before proceeding to Step Four, the ALJ determined Butts' residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. See 20 C.F.R. § 404.1545(a)(1). The ALJ determined that Butts has the RFC to perform light work "except no climbing of ropes, ladders, or scaffolds; no work at unprotected heights or with hazardous machinery; no more than frequent overhead reaching with the non-dominant left upper extremity; no more than frequent stooping, crouching, crawling or kneeling; and no more than frequent ambulation over uneven surfaces." (Tr. at 24-25).

At Step Four, the ALJ determined Butts is able to perform his past relevant work as a plant manager and as a food service supervisor as those jobs are generally performed. (Tr. at 28-29).[4] The ALJ considered the testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles in reaching his conclusion. (Tr. at 28). Therefore, the ALJ concluded Butts is not disabled under §§ 216(I) and 223(d) of the Social Security Act. (Tr. at 29).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

---

[4] There seems to be no dispute that Butts could not perform his past relevant work as it was actually performed, because he described having to climb into and jump out of mobile homes on the production line, and to occasionally work on the production lines. Similarly, he described 14-hour days training workers to operate the grill in the food industry. (Tr. 46-47, 53-54).

Butts alleges that the ALJ's decision should be reversed and remanded because (1) the ALJ improperly assigned "little weight" to the opinion of his treating physician, Dr. William L. Gibson, and (2) the ALJ improperly assigned "some weight" to evidence supplied by the Commissioner's experts. (Doc. 10). The Commissioner asserts that the ALJ properly assessed Dr. Gibson's questionnaire opinion and also properly weighed the evidence provided by other medical sources. (Doc. 11).

**1. Weight Given to the Treating Physician's Opinion**

Medical opinions relevant to a Social Security claim are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what the [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). The regulation set forth in 20 C.F.R. §§ 404.1527(c) requires that a treating doctor's opinion on the "nature and severity" of an impairment will be given "controlling weight" where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other medical evidence. The regulation further provides that the longer the treatment relationship has existed, the more weight the opinion is entitled to receive. Even if not entitled to controlling weight, it is well established under Eleventh Circuit law that the opinion, diagnosis, and medical evidence of the plaintiff's treating physician should be accorded substantial or considerable weight unless "good cause" is shown for not doing so. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011); *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990); *Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527, 416.927(d). "Good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) . . . was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) citing *Lewis*, 125 F.3d at 1440; *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" exists where the opinion was contradicted by other notations in the physician's own record).

Opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner;" thus the court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The court instead looks to the doctors' evaluations of the claimant's condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. *See also* 20 C.F.R. § 404.1527(d)(1)("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, because it is the ALJ who bears the responsibility of assessing a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1546(c). It follows that the opinions of reviewing, non-examining physicians, when contrary

to those of examining physicians, are entitled to little weight. *Lamb v. Bowen*, 847 F.2d 698 (11th Cir.1988); *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987).

The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981). When the ALJ fails to "state with at least some measure of clarity the grounds for his decision," the district court must decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam). Without clarification of the ALJ's process of weighing the opinion, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Winschel*, 631 F.3d at 1179 (11th Cir. 2011) (quoting *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir.1979)) (internal quotation marks omitted). The ALJ may ignore the opinion of the treating physician regarding disability only if the opinion is so brief and conclusory that it lacks persuasive weight or is unsupported by any clinical or laboratory findings. *Wheeler v. Heckler*, 784 F.2d 1073 (11th Cir.1986); *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir.1983).

In this case, Butts was treated by Dr. Gibson, his primary physician, from at least December 2013 through June 2016. (Tr. at 309-19, 328-41). It appears Butts saw Dr. Gibson on a dozen occasions during that 30-month period. (*Id.*) His treatment notes indicate Butts consistently reported low back, knee, and shoulder pain. Dr. Gibson consistently noted Butts was obese. On July 14, 2015, Dr. Gibson noted limited range of motion in Butts' shoulder, painful abduction, and

limited and painful range of motion in the knee. (Tr. at 338). The treatment notes also indicate a diagnosis for diabetes and essential hypertension. (Tr. at 344-45).

On June 3, 2016, Butts had an office visit with Dr. Gibson, and the doctor completed a questionnaire prepared by Butts' attorney, in which he answered a series of "yes or no" questions. (Tr. at 354-55, 358-59). Dr. Gibson opined generally that Butts would be "unable to work with [his] present level of impairment." (Tr. at 355). He further indicated that Butts would experience "moderately severe" impairment if he engaged in work, and that his impairments would "seriously affect[] ability to function." *Id.* In addition, he responded that Butts' condition would impact his ability to sustain job attendance, but did not assess the number of days of work he might be expected to miss. *Id.*

The ALJ gave Dr. Gibson's questionnaire "little" weight, stating that: "Dr. Gibson opined the claimant was unable to sustain consistent work attendance but did not support his findings with objective evidence and relied heavily upon the claimant's subjective complaints." (Tr. at 28). The ALJ does not address any of the questionnaire's other statements, including that his condition was "moderately severe" and would "seriously affect" Butts' ability to work.

A review of the records from Dr. Gibson's office indicates that his opinion in the 2016 questionnaire is consistent with his treatment notes. The opinion is not inconsistent with the treatment notes from other doctors, most of which occurred in 2014 in connection with his knee surgery, and which did not address his shoulder pain or other impairments. For example, Dr. Sparks, an orthopedist seeing Butts post-knee surgery, noted in May 2014 that he "needs to avoid crouching, stooping, crawling, or putting weight" on the right knee. (Tr. at 434). Furthermore, while it does not appear that any "objective evidence" was attached to the questionnaire, it is clear that Dr. Gibson had performed examinations that led to his determination that Butts had limited

9

range of motion of the affected joints, consulted an x-ray that showed osteoarthritis and osteophytes of the spine, reviewed the results of lab tests that revealed abnormal blood sugar levels, and recorded that Butts had elevated blood pressure levels indicative of hypertension. (Tr. 312-19). Even so, the ALJ did not mention Dr. Gibson's assessment of the "nature and severity" of Butts' impairments, much less consider whether that evaluation was entitled to "controlling weight." The only opinion of Dr. Gibson's that the ALJ specifically discounted was that his condition would contribute to absences from the workplace.[5]

The Commissioner contends the ALJ's assignment of little weight given to the opinion of Dr. Gibson was not error because Butts failed to meet his "very heavy burden" to demonstrate that he was unable to perform his past relevant work. (Doc. 11 at 4) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005))). However, the ALJ did not assert that Butts could perform the jobs as he actually performed them, but only as "generally" performed, according to the VE's testimony. (Tr. 28-29). The VE's statement is based on the RFC provided by the ALJ, and the RFC cannot be considered to be based on substantial evidence where the ALJ failed to accord proper weight to the opinion of the treating physician.

It has been noted that the "medical opinion of treating physicians, particularly those with a longitudinal perspective, are accorded great deference and weight." *Brooks v. Barnhart*, 428 F. Supp. 2d 1189, 1192 (N.D. Ala. 2006). "As long as a treating physician's opinion on the nature

---

[5] It is especially perplexing that the ALJ determined that the plaintiff is able to frequently stoop, crouch, crawl, and kneel. .. The record shows, the physical therapist opined Butts needed to "limit climbing and low-level activities that require kneeling or crouching." (Tr. 282). And Dr. Dierick Sparks who treated Butts at The Orthopedic Centers opined that, even at maximum medical improvement, Butts should "avoid crouching, stooping, [and] crawling." (Tr. 434). These consistent notations should be considered with the fact that Butts is a sixty-year-old obese man with long-standing knee pain, shoulder pain, and degenerative disc disease in the lower back.

and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)." *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010).

The failure to articulate a reason for disregarding the treating physician's opinion regarding the "nature and severity" of the plaintiff's impairments (as opposed to the opinion regarding absences from work) constitutes reversible error, and the case is due to be remanded for proper consideration of the treating doctor's opinion consistent with 20 C.F.R. § 404.1527(c)(2).[6]

### 2. Weight Given to Examining or Consulting Experts

Butts asserts, generally and vaguely, that the ALJ erred when he: (1) provided lay interpretation of medical opinions; (2) improperly gave some weight to the opinions of experts provided by the Commissioner without medical support and without good cause; and (3) failed to state with "some measure of clarity" grounds for repudiating, in part, the opinions of Drs. Estock, Reddy, Hager, Iyer, and Rickless. (Doc. 10 at 29). Butts makes no argument specific to this case or any of these physicians; instead, he simply provides the court with quotes from cases (many with no precedential value) in which ALJs improperly assessed the opinions of non-treating medical sources. For this reason, Butts fails to demonstrate any reversible error with respect to the ALJ's assessment of Drs. Estock, Reddy, Hager, Iyer, and Rickless.

In response, the Commissioner has reviewed each of the examining and reviewing physicians and has provided support for the ALJ's assignment of "some weight" to the opinions. The court notes that, as Commissioner points out, Dr. Estock, a state agency psychiatrist, asserted

---

[6] On July 18, 2019, Butts moved to remand pursuant to both Sentence 4 and Sentence 6 of 42 U.S.C. § 405(g). (Doc. 15). The motion (doc. 15) is **DENIED** as **MOOT**; however, the ALJ may consider the records referenced in the motion to the extent appropriate under the law.

11

that Butts essentially had no mental limitations that would preclude work – a conclusion with which Butts cannot refute, having never argued that he suffered from any mental impairment. As for Dr. Reddy, a state agency physician who performed a residual functional capacity assessment, her opinion that Butts was capable of a reduced range of light work was not inconsistent with any treatment records and could support the ALJ's RFC. Dr. Hager, a consultative examiner and radiologist, interpreted Butts spinal x-ray and noted moderate degenerative changes in the thoracolumbar and lumbosacral regions, minor osteophytic changes, and degenerative joint disease in the lower facet and sacroiliac joints. His assessment is not in direct conflict with that of Dr. Gibson. Next, Dr. Iyer, a consultative examining physician, noted some attributes that would support a finding of disability – Butts' limp, use of a knee brace, loss of strength in the right leg – as well as observations that supported the ALJ's decision – grip strength and normal dexterity. It is difficult to determine how the ALJ's attribution of "some weight" to any of these experts could be deemed reversible error. Finally, the reference to a "Dr. Rickless" appears to be a cut-and-paste error, as the ALJ makes no mention of such an expert, and Butts has failed to point the court to any records from that doctor.

Having considered the ALJ's opinion and all of the evidence and argument presented, the court finds that the ALJ's decision to assign "some weight" to each of the examining and reviewing physicians was based on substantial evidence and applied the correct legal standards. Accordingly, the matter is due to be affirmed as to this ground.

**VI. Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Butts'

claim for disability insurance benefits is **REVERSED AND REMANDED** for reconsideration of the opinion of the plaintiff's treating physician.

A separate order will be entered.

DONE this 20th day of September, 2019.

                                                         **JOHN H. ENGLAND, III**
                                                       UNITED STATES MAGISTRATE JUDGE